## PETRI v. COMMERCIAL NATIONAL BANK OF CHICAGO.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF TEXAS.

No. 1071. Submitted January 4, 1892. — Decided January 18, 1892.

A national bank, located in one State, may bring suit against a citizen of another State, in the Circuit Court of the United States for the District wherein the defendant resides, by reason alone of diverse citizenship.

THE court stated the case as follows :

The Commercial National Bank of Chicago, a national banking association, duly organized under the laws of the United States in that behalf, and located in Illinois, brought suit, May 6, 1890, in the Circuit Court of the United States for the Northern District of Texas, against A. C. Petri and Oswald Petri, citizens of the State of Texas, and doing business in that State under the firm name and style of A. C. Petri & Brother, to recover the amount of several drafts, held by the bank, drawn by Meyer & Sons Company, a corporation of Illinois, on the defendants and accepted by them.

The defendants demurred on the ground that the Circuit Court was without jurisdiction to entertain the suit, and also interposed certain defences not drawn in question here. The demurrer was overruled and final judgment given in favor of plaintiff for the sum of $3328.66, with interest and costs, whereupon the defendants prosecuted a writ of error from this court to review the action of the Circuit Court upon the question of jurisdiction.

*Mr. W. Hallett Phillips* for plaintiffs in error.

The question is, whether a national bank has now the right of suing in the Federal courts a citizen of a different State from that in which it is located, by reason alone of diverse

citizenship. The legislation on this subject will be found in the margin.[1]

---

[1] 1. *Act of June* 3, 1864, c. 106, 13 *Stat.* 99.

SEC. 8. Such association . . . may make contracts, sue and be sued, complain and defend, in any court of law and equity as fully as natural persons. [Now embodied in Rev. Stat. § 5135.] Sec. 57. That suits, actions and proceedings, against any association under this act, may be had in any circuit, district or territorial court of the United States held within the district in which such association may be established; or in any state, county or municipal court in the county or city in which said association is located, having jurisdiction in similar cases: *Provided, however,* That all proceedings to enjoin the comptroller under this act shall be had in a circuit, district or territorial court of the United States, held in the district in which the association is located. [Now found in Rev. Stat. § 5198, as amended by the act of February 18, 1875, 18 Stat. 320, c. 80, and § 5237.]

2. *Revised Statutes.*

SEC. 563. The district courts shall have jurisdiction as follows: . . . . Fifteenth. Of all suits by or against any association established under any law providing for national banking associations within the district for which the court is held. . . . Sec. 629. The Circuit Courts shall have original jurisdiction as follows: . . . Tenth. Of all suits by or against any banking association established in the district for which the court is held, under any law providing for national banking associations.

3. *Act of July* 12, 1882, 22 *Stat.* 162, c. 290.

. . . *Provided, however,* That the jurisdiction for suits hereafter brought by or against any association established under any law providing for national banking associations, except suits between them and the United States, or its officers and agents, shall be the same as, and not other than, the jurisdiction for suits by or against banks not organized under any law of the United States which do or might do banking business where such national banking associations may be doing business when such suits may be begun: And all laws and parts of laws of the United States inconsistent with this proviso be, and the same are hereby, repealed.

4. *Act of March* 3, 1887, 24 *Stat.* 552, c. 373, *as reënacted August* 13, 1888, 25 *Stat.* 433, c. 866.

SEC. 4. That all national banking associations established under the laws of the United States shall, for the purposes of all actions by or against them, real, personal or mixed, and all suits in equity, be deemed citizens of the States in which they are respectively located; and in such cases the Circuit and District Courts shall not have jurisdiction other than such as they would have in cases between individual citizens of the same State.

The status of a national bank in the Federal courts is determined by section 4 of the act of 1888, reënacting the language of section 4 of the act of 1887.

These acts contain the latest legislative declarations on the subject and constitute the present law. They adopt as the test of *jurisdiction* the right of suit in controversies between individual citizens of the same State. They also ordain that a national bank shall for the general purposes of litigation be deemed to be a citizen of the State in which it is located.

We submit, that the right of a national bank to sue in the Federal courts, is not conferred by the general provisions of law conferring such right in cases of diverse citizenship, but depends on the particular legislation applicable alone to national banks, in the acts of 1887, 1888.

It is not denied that the act of 1887 in so far changed the prior law, as to thenceforth prevent a national bank from suing in the Federal courts in the State where located. This privilege was formerly possessed under section 639 of the Revised Statutes. But there is nothing in the language of this act which necessarily shows that Congress, while prohibiting a national bank from suing in the Federal courts in the State where located, authorized it in all cases to sue in the Federal courts in other States.

The act of 1882 had already placed national banks on the same footing, as respects jurisdiction of the Federal courts, as that possessed by non-federal banks, or, in other words, the same jurisdiction as that possessed generally by citizens of different States. Its language is that the jurisdiction for suits brought by or against such associations, with certain exceptions not here material, " shall be the same and not other than the jurisdiction by or against banks not organized under any law of the United States."

If Congress had intended the jurisdiction, as provided in the act of 1882, to continue, they would either have retained its language in any new enactment or, what is more reasonable, they would not have made a new enactment, as the old law fully covered the subject matter.

The declaration in the act of 1887, that national banks

"shall, for the purposes of all actions by or against them and all suits in equity, be deemed citizens of the States where respectively located," ought not to control the subsequent clause specifying the extent of the jurisdiction of the Federal courts. The two clauses are not conflicting. The entire language can be given full effect. The section was not a piece of ill-digested or hasty legislation. It was not a part of the original bill as it passed the House of Representatives. It was reported in the Senate as an amendment from the judiciary committee of that body, and was adopted as such. On this committee were such lawyers as Mr. Edmunds and Mr. Evarts. We must assume that, emanating from such authority, the phraseology of the section was carefully selected, and every part of it should be given its full meaning.

*Mr. John Selden* for defendant in error.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

The question is whether a national bank located in one State may bring suit against a citizen of another State in the Circuit Court of the United States for the district wherein the defendant resides, by reason alone of diverse citizenship.

National banks are empowered to sue and be sued, complain and defend, in any court of law and equity as fully as natural persons. Rev. Stat. § 5136. The first national banking act, that of February 25, 1863, 12 Stat. c. 58, 665, 681, provided in § 59 that suits by and against banks organized thereunder might be brought in any " circuit, district or territorial court of the United States held within the district in which such association may be established;" and by the act of June 3, 1864, c. 106, § 57, 13 Stat. 99, 116, there was added to this " or in any State, county or municipal court in the county or city in which said association is located, having jurisdiction in similar cases." Both these provisions were carried into § 5198 of the Revised Statutes, by the amendatory act of February 18, 1875, c. 80, 18 Stat. 316, 320.

Following section 11 of the Judiciary Act, the first subdivision of § 629, Revised Statutes, conferred jurisdiction on the Circuit Courts of all suits of a civil nature at common law or in equity, where the matter in dispute, exclusive of costs, exceeded the sum or value of five hundred dollars and the suit was between a citizen of the State where it was brought and a citizen of another State ; and by subdivision ten jurisdiction was given " of all suits by or against any banking association established in the district for which the court is held, under any law providing for national banking associations."

Under section one of the act of March 3, 1875, determining the jurisdiction of Circuit Courts of the United States and regulating the removal of causes from state courts, 18 Stat. 470, the Circuit Courts had original cognizance of suits arising under the Constitution, laws or treaties of the United States, as well as of those in which there were controversies between citizens of different States, and by section two, jurisdiction by removal in like cases was conferred.

Suits by or against national banks might therefore be brought or removed upon the ground of diverse citizenship, or of subject matter, since as they were created by Congress, and could acquire no right, make no contract and bring no suit, which was not authorized by a law of the United States, a suit by or against them was necessarily a suit arising under the laws of the United States.  *Osborn* v. *Bank of the United States*, 9 Wheat. 738, 823 ; *Leather Manufacturers' Bank* v. *Cooper*, 120 U. S. 778, 781 ; *Pacific Railroad Removal Cases*, 115 U. S. 1.   And of course national banks as well as state banks and individuals might bring or remove suits otherwise arising under the Constitution, laws or treaties of the United States.   By the proviso to the 4th section of the act of Congress of July 12, 1882, c. 290, entitled " An act to enable national banking associations to extend their corporate existence, and for other purposes," it was provided : " That the jurisdiction for suits hereafter brought by or against any association established under any law providing for national banking associations, except suits between them and the United States, or its officers and agents, shall be the same as, and not

other than, the jurisdiction for suits by or against banks not organized under any law of the United States which do or might do banking business where such national banking associations may be doing business when such suits may be begun: and all laws and parts of laws of the United States inconsistent with this proviso be, and the same are hereby, repealed." 22 Stat. 162, 163. Hence the jurisdiction of the Circuit Courts over suits by or against national banks could no longer be asserted on the ground of their Federal origin, as they were placed in the same category with banks not organized under the laws of the United States. *Leather Manufacturers' Bank* v. *Cooper*, 120 U. S. 778, 781; *Whittemore* v. *Amoskeag National Bank*, 134 U. S. 527, 530.

So far as the mere source of its incorporation rendered suits to which a national bank might be a party, cognizable by the Circuit Courts, that was taken away, but the jurisdiction which those courts might exercise in such suits when arising between citizens of different States or under the Constitution or laws of the United States, except in that respect, remained unchanged.

The fourth section of the act of Congress of March 3, 1887, 24 Stat. 552, c. 373, as corrected by the act of August 13, 1888, 25 Stat. 433, c. 866, is as follows:

"Sec. 4. That all national banking associations established under the laws of the United States shall, for the purposes of all actions by or against them, real, personal or mixed, and all suits in equity, be deemed citizens of the States in which they are respectively located; and in such cases the Circuit and District Courts shall not have jurisdiction other than such as they would have in cases between individual citizens of the same State.

"The provisions of this section shall not be held to affect the jurisdiction of the courts of the United States in cases commenced by the United States or by direction of any officer thereof, or cases for winding up the affairs of any such bank." 25 Stat. 436.

In view of the language of the second clause of the first branch of this section, it is contended that the Federal courts

cannot exercise the same jurisdiction in respect of national banks, by reason of diverse citizenship, as they possess in controversies between individual citizens of different States.

The rule that every clause in a statute should have effect, and one portion should not be placed in antagonism to another, is well settled; and it is also held that it is the duty of the court to ascertain the meaning of the legislature from the words used and the subject matter to which the statute relates, and to restrain its operation within narrower limits than its words import, if the court is satisfied that the literal meaning of its language would extend to cases which the legislature never intended to include in it. *Brewer's Lessee* v. *Blougher*, 14 Pet. 178; *Market Co.* v. *Hoffman*, 101 U. S. 112, 115.

The act of 1887 largely superseded the previous legislation relating to the jurisdiction in general of the Circuit Courts. Under the first section jurisdiction of all suits of a civil character, and involving a given sum or value, arising under the Constitution or laws of the United States, or in which there might be a controversy between citizens of different States, was retained. And so far as national banks were concerned, the jurisdiction could be exercised whether dependent upon the subject matter or the citizenship.

Out of abundant caution, the first clause of the first branch of the fourth section provided that national banks, for the purposes of actions by or against them, should be deemed citizens of the States in which they were respectively located; and this involved the right to sue, or be sued by, a citizen of another State in the United States courts. Hence, as has been well said, if the second clause were to be construed as contended, it would in effect take away what had just been recognized. *First National Bank* v. *Forest*, 40 Fed. Rep. 705.

But had the section terminated with the first clause, the question might have arisen as to whether a national bank could, because of its Federal character, bring suits in the Federal courts, or remove causes thereto, as had been originally the case. And apparently to obviate this the clause was added subjecting these banks to the same rules applicable to citizens of the States where they were located. No reason is perceived

why it should be held that Congress intended that national banks should not resort to Federal tribunals as other corporations and individual citizens might. The fact that there are cases between individual citizens of the same State in which the Circuit Courts might have jurisdiction, as where the case arises under the Constitution, laws or treaties of the United States, or the controversy relates to lands claimed under grants of different States, so far from sustaining the contention that the phraseology in question was designed to limit the jurisdiction as to national banks to such cases, justifies the conclusion that it is only to them that the second clause applies. The use of the word " between " is perhaps open to criticism, but it seems to us clear that the clause was intended to have, and must-receive, the same effect and operation as that of the proviso to the fourth section of the act of July 12, 1882, that is to say, that the Federal courts should not have jurisdiction by reason of the subject matter other than they would have in cases between individual citizens of the same State, and so not have jurisdiction because of the Federal origin of the bank. But jurisdiction dependent upon diversity of citizenship was provided for by the first section and the first clause of the first branch of the fourth section of the act of 1887, and no limitation in that regard was intended.

. The demurrer was rightfully overruled, and the judgment is

*Affirmed.*