### HEALD et al. v. DISTRICT OF COLUMBIA.

(Court of Appeals of District of Columbia.   Submitted June 5, 1920.   Decided January 3, 1921.)

No. 3307.

1. **Constitutional law** ⟲42—**That act was invalid, as taxing foreign securities, cannot be urged by owner of domestic securities.**

In an action for the repayment of a tax levied and collected under District of Columbia Appropriation Act March 3, 1917, § 9, on property located within the District, where plaintiffs were residents of the District, plaintiffs cannot raise the objection that that act imposes a similar tax on property outside the District, which is unconstitutional, since it does not follow that, if the act were unconstitutional in that respect, it would be void as to persons and property clearly subject to taxation.

2. **Constitutional law** ⟲42—**Contention that tax exemption was too indefinite cannot be raised by those not claiming under it.**

The objection that District of Columbia Appropriation Act March 3, 1917, § 9, levying a tax was unconstitutional, because the exemption therein of certain stocks was too indefinite for intelligent application, cannot be raised by plaintiffs, who alleged no fact that would bring the shares of stock held by them within the exemption.

Appeal from the Supreme Court of the District of Columbia.

Action by John C. Heald and others, committee of the person and estate of Eugene Peters, against the District of Columbia, for the repayment of a tax. From a judgment sustaining a demurrer to the declaration, plaintiffs appeal. Affirmed.

A. S. Worthington and Vernon E. West, both of Washington, D. C., for appellants.

Conrad H. Syme and F. H. Stephens, both of Washington, D. C., for the District of Columbia.

---

⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District sustaining a demurrer to the declaration, in which the plaintiffs, appellants here, residents of the District, sought the repayment of a tax levied on certain intangible personal property held by them as committee of the person and estate of Eugene Peters, also a resident of the District; the contention of plaintiffs being: (a) That the act under which the tax was levied is unconstitutional and wholly void; and (b) that the question whether the stocks, held by them in the several corporations named in their return to the District assessors, are taxable, can only be determined at a trial of the case.

Section 9 of the District of Columbia Appropriation Act of March 3, 1917, 39 Stat. 1004, 1046, amends section 6 of the District Appropriation Act of July 1, 1902, 32 Stat. 590, 617, by adding, after paragraph 2, the following provisions:

"The moneys and credits, including moneys loaned and invested, bonds and shares of stock (except the stock of banks and other corporations within the District of Columbia the taxation of which banks and corporations is herein provided for) of any person, firm, association, or corporation resident or engaged in business within said District shall be scheduled and appraised in the manner provided by paragraph one of said section six for listing and appraisal of tangible personal property and assessed at their fair cash value, and as taxes on said moneys and credits there shall be paid to the tax collector of said District three-tenths of one per centum of the value thereof."

Then follows an exemption of certain deposits of individuals not in excess of $500 in banks, trust companies or building associations. A further provision, exempts bank notes or notes discounted by any bank or banking institution, savings institution or trust company, savings institutions having no capital stock, building associations, firms, relief associations, secret and beneficial societies, labor unions, labor union relief associations, beneficial organizations paying sick or death benefits from funds received from voluntary contributions or assessments, and life or fire insurance companies having no capital stock. It is then provided that the tax shall not apply—

"to the shares of stock of business companies which by reason of or in addition to incorporation receive no special franchise or privilege, but all such corporations shall be rated, assessed, and taxed as individuals conducting business in similar lines are rated, assessed, and taxed."

[1] Appellants base their contention that the act is unconstitutional upon the ground, first, that it provides for the taxation of property situated outside the district; and, second, that the exemption list quoted is incapable of intelligent definition. While it appears, from appellants' brief, that the District authorities have construed the act as only authorizing the taxation of property within the District, thus following an established principle of construction (Employers' Liability Cases, 207 U. S. 463, 28 Sup. Ct. 141, 52 L. Ed. 297; Petri v. Commercial Bank, 142 U. S. 644, 12 Sup. Ct. 325, 35 L. Ed. 1144), our first inquiry properly is whether appellants have brought themselves within the class as to which the act, if given one interpretation, is void. They are residents of the District and the property taxed is within the District, and hence clearly subject to the provisions of this law.

Should it ultimately be determined that Congress, disregarding the authoritative rulings of the Supreme Court of the United States, intended in this act to tax here property located elsewhere, it by no means would follow that as to persons and property clearly subject to taxation here the act would be void. El Paso v. Gutierrez, 215 U. S. 87, 30 Sup. Ct. 21, 54 L. Ed. 106. Therefore the failure of appellants to bring themselves within the class as to which, under their contention, the act is void, deprives them of the right to maintain this suit. We shall do no more than cite the cases which, in our view, sustain our position. Plymouth Coal Co. v. Pennsylvania, 232 U. S. 544, 545, 34 Sup. Ct. 359, 58 L. Ed. 713.; Jeffery Mfg. Co. v. Blagg, 235 U. S. 571, 576, 35 Sup. Ct. 167, 59 L. Ed. 364; Arkadelphia Mill. Co. v. St. L. S. W. Ry. Co., 249 U. S. 134, 149, 39 Sup. Ct. 237, 63 L. Ed. 517.

[2] Appellants have alleged no facts that would bring the shares of stock held by them within the exception relative to stock of business companies, which by reason of or in addition to incorporation receive no special franchise or privilege, and we therefore do not discuss that phase of the case.

The judgment must be affirmed, with costs.

Affirmed.