ANDERSON v. FIRST NAT. BANK OF BRADLEY BEACH, N. J.

No. 3588.

District Court, D. New Jersey.

Aug. 10, 1933.

Herrigel, Lindabury & Herrigel, of Newark, N. J., for plaintiff.

Quinn, Parsons & Doremus, of Red Bank, N. J., for defendant.

FORMAN, District Judge.

Plaintiff, a citizen of New Jersey, brought suit against the defendant bank of Bradley Beach, N. J., upon certain business transactions between them.

On account of the fact that the defendant is a national bank, he alleges his right to bring the action in the United States District Court for this district.

Defendant bank asserts that, there being no diversity of citizenship, no facts alleged which involve the United States, or any statute of the United States, or any officer of the United States, and no facts stated which pertain to the winding up of the affairs of the defendant bank by any receiver, the United States District Court is without jurisdiction and moves to dismiss the complaint.

Plaintiff defends the motion on the grounds that the specific bank and banking provision authorizing suits against national banking associations in federal courts was not repealed by the general judiciary clause, and that the jurisdiction of this action is concurrent between this and the state courts.

The pertinent statutory provisions are as follows:

"Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in

any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases." R. S. § 5198; Feb. 18, 1875, c. 80, § 1, 18 Stat. 320. (12 USCA § 94).

"The district courts shall have original jurisdiction as follows: * * *

"Sixteenth. Of all cases commenced by the United States, or by direction of any officer thereof, against any national banking association, and cases for winding up the affairs of any such bank; and of all suits brought by any banking association established in the district for which the court is held, under the provisions of chapter 2 of Title 12, to enjoin the Comptroller of the Currency, or any receiver acting under his direction, as provided by said chapter. And all national banking associations established under the laws of the United States shall, for the purposes of all other actions by or against them, real, personal, or mixed, and all suits in equity, be deemed citizens of the States in which they are respectively located." R. S. § 563, par. 15, § 629, pars. 10, 11; July 12, 1882, c. 290, § 4, 22 Stat. 163; Aug. 13, 1888, c. 866, § 4, 25 Stat. 436; Mar. 3, 1911, c. 231, § 24, par. 16, 36 Stat. 1092 (28 USCA § 41 (16).

The language of Mr. Justice Harlan in Continental National Bank v. Buford, 191 U. S. 119, 24 S. Ct. 54, 48 L. Ed. 119, appears dispositive of the question. He states at page 123 of 191 U. S., 24 S. Ct. 54, 55:

"But, in respect of national bank associations, a radical change was introduced by subsequent acts of Congress.

"By the act of July 12th, 1882, chap. 290, it was provided: 'That the jurisdiction for suits hereafter brought by or against any association established under any law providing for national banking associations, except suits between them and the United States, or its officers and agents, shall be the same as, and not other than, the jurisdiction for suits by or against banks not organized under any law of the United States which do or might do banking business, where such national banking associations may be doing business when such suits may be begun: And all laws and parts of laws of the United States inconsis-

tent with this proviso be, and the same are hereby, repealed.' 22 Stat. 162. Then came the judiciary act of March 3d, 1887, corrected by the act of August 13th, 1888, chap. 866, and providing [section 4]: 'That all national banking associations established under the laws of the United States shall, for the purposes of all actions by or against them, real, personal, or mixed, and all suits in equity, be deemed citizens of the states in which they are respectively located; and in such cases the circuit and district courts shall not have jurisdiction other than such as they would have in cases between individual citizens of the same state. The provisions of this section shall not be held to affect the jurisdiction of the courts of the United States in cases commenced by the United States or by direction of any officer thereof, or cases for winding up the affairs of any such bank.' 25 Stat. 433.

"The necessary effect of this legislation was to make national banks, for purposes of suing and being sued in the circuit courts of the United States, citizens of the states in which they were respectively located, *and to withdraw from them the right to invoke the jurisdiction of the circuit courts of the United States simply upon the ground that they were created by, and exercised their powers under, acts of Congress. No other purpose can be imputed to Congress than to effect that result.* Of course, notwithstanding the acts of 1882 and 1888, there remained to a national bank, independently of its Federal origin, and as a citizen of the state in which it was located, the right to invoke the original jurisdiction of the circuit courts in any suit involving the required amount, and which, by reason of its subject-matter, and not by reason simply of the Federal origin of the bank, was a suit arising under the Constitution or laws of the United States. Petri v. Commercial Nat. Bank, 142 U. S. 644, 648, 12 S. Ct. 325, 35 L. Ed. 1144, 1145." (Italics ours.)

This suit being based entirely upon commercial transactions between the parties, and no federal question being involved, it follows that this court is without jurisdiction, and an order will therefore enter dismissing the complaint.