## LEATHER MANUFACTURERS' BANK *v.* COOPER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF NEW YORK.

Submitted March 7, 1887. — Decided March 21, 1887.

Since the act of July 12, 1882, c. 290, took effect, a suit by or against National Banks cannot be removed from a state court to a Circuit Court of the United States, unless a similar suit by or against a state bank in like situation with the National Bank could be so removed.

A case does not arise under the laws of the United States simply because this court has decided in another suit the questions of law which are involved.

A case is not removable because a colorable assignment has been made to give a state court exclusive jurisdiction. *Provident Savings Society* v. *Ford*, 114 U. S. 635, and *Oakley* v. *Goodnow*, 118 U. S. 43, on this point affirmed.

THIS writ of error was sued out to review an order of the Circuit Court remanding the cause to the state court from which it had been removed.

*Mr. Charles M. Da Costa* and *Mr. Noel B. Sanborn* for plaintiff in error.

*Mr. John M. Bowers* for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a writ of error, brought under § 5 of the act of March 3, 1875, c. 137, 18 Stat. 470, for the review of an order of the Circuit Court remanding a suit which had been removed from the Supreme Court of the county and state of New York. The suit was begun June 1, 1886, by William B. Cooper, Jr., a citizen of New York, against the Leather Manufacturers' National Bank to recover a balance of account due from the bank to the firm of Ashburner & Co., which had been assigned to him. The bank was originally organized under the National Banking Act, c. 106, 13 Stat. 99, on the 27th of May, 1865, and its corporate existence was extended May 27, 1885, under the act of July 12, 1882, c. 290, 22 Stat. 162. Its place of business is in the city of New York, in the state of New York.

Section 4 of the act of July 12, 1882, is as follows:

SEC. 4. "That any association so extending the period of its succession shall continue to enjoy all the rights and privileges and immunities granted, and shall continue to be subject to all the duties, liabilities, and restrictions imposed by the Revised Statutes of the United States and other acts having reference to national banking associations, and it shall continue to be in all respects the identical association it was before the extension of its period of succession: *Provided, however,* That the jurisdiction for suits hereafter brought by or against any association established under any law providing for national banking associations, except suits between them and the United States, or its officers and agents, shall be the same as, and not other than, the jurisdiction for suits by or against banks not organized under any law of the United States which do or might do banking business where such national banking associations may be doing business when such suits may be begun: and all laws and parts of laws of the United States inconsistent with this proviso be, and the same are hereby, repealed."

On the 23d of September, 1886, the bank presented its petition to the state court for the removal of the suit to the Circuit Court of the United States for the Southern District of

New York under the act of March 3, 1875, on the ground of its being a national bank, and consequently the suit was one arising under the laws of the United States. The cause was duly entered in the Circuit Court October 4, 1886, and, on the 9th of the same month, Cooper moved that it be remanded. This motion was granted October 22, because § 4 of the act of July 12, 1882, had taken away from national banks the right of removing suits under the act of 1875 on the ground of their being Federal corporations. To reverse that order this writ of error was brought.

The act of 1882 repeals in express terms "all laws and parts of laws of the United States" inconsistent with its provisions, and enacts that jurisdiction for suits thereafter brought by or against national banks, with few exceptions, "shall be the same as, and not other than, the jurisdiction for suits by or against banks not organized under any law of the United States" doing business where the national bank "may be doing business when such suits may be begun." This was evidently intended to put national banks on the same footing as the banks of the state where they were located for all the purposes of the jurisdiction of the courts of the United States. The first national banking act, that of February 25, 1863, c. 58, 12 Stat. 681, provided, in § 59, that suits by and against banks organized thereunder might be brought in any "circuit, district, or territorial court of the United States held within the district in which such association may be established." By the act of June 3, 1864, c. 106, § 57, 13 Stat. 116, there was added to this, "or in any state, county, or municipal court in the county or city in which such association is located, having jurisdiction in similar cases." Both these provisions were carried into § 5198 of the Revised Statutes by the amendatory act of February 18, 1875, c. 80, 18 Stat. 320.

The removal of this class of cases from a state court to a Circuit Court was first provided for by the act of March 3, 1875, in that clause of § 2 which relates to suits "arising under the Constitution or laws of the United States," as construed in the *Pacific Railroad Removal Cases*, 115 U. S. 1. Thus the Federal and state courts had concurrent jurisdiction for suits

brought by or against national banks, and a suit of that character begun in a state court could be removed by either party to a Circuit Court of the United States, if the value of the matter in dispute exceeded five hundred dollars, because, as a national bank is a Federal corporation, a suit by or against it is necessarily a suit arising under the laws of the United States. But the act of 1882 provided in clear and unmistakable terms that the courts of the United States should not have *jurisdiction* of such suits thereafter brought, save in a few classes of cases, unless they would have jurisdiction under like circumstances of suits by or against a state bank doing business in the same state with the national bank. The provision is not that no such suit shall be brought by or against such a national bank in a Federal court, but that a Federal court shall not have jurisdiction. This clearly implies that such a suit can neither be brought nor removed there, for jurisdiction of such suits has been taken away, unless a similar suit could be entertained by the same court by or against a state bank in like situation with the national bank. Consequently, so long as the act of 1882 was in force, nothing in the way of jurisdiction could be claimed by a national bank because of the source of its incorporation. A national bank was by that statute placed before the law in this respect the same as a bank not organized under the laws of the United States.

A suggestion was made in argument that the case is one arising under the laws of the United States, for the reason that the cause of action is identical with that sued on in *Leather Manufacturers' National Bank* v. *Morgan*, 117 U. S. 96, decided by this court at the last term, and in which the principles of law which govern the rights of the parties were determined. Nothing of the kind, however, appears in the record, and if it did it would not authorize a removal. This is not that suit, and a case does not arise under the laws of the United States simply because this court, or any other Federal court, has decided in another suit the questions of law which are involved.

A case is not removable because a colorable assignment has been made to give a state court exclusive jurisdiction. *Provi-*

*dent Savings Society* v. *Ford*, 114 U. S. 635, followed in *Oakley* v. *Goodnow*, 118 U. S. 43.

*The order to remand is affirmed.*

MR. JUSTICE BLATCHFORD did not take part in the decision of this case.