## *Ex Parte* JONES.

ORIGINAL.

Submitted December 7, 1896. — Decided January 4, 1897.

Since the act of August 13, 1888, c. 866, took effect, the jurisdiction of a Circuit Court of the United States over an action brought by a citizen of another State against a national bank established and doing business in a State within the circuit, depends upon citizenship alone, and if that jurisdiction be invoked on that ground, the jurisdiction of the Court of Appeals of the circuit is final, even though another ground for jurisdiction in the Circuit Court be developed in the course of the proceedings.

THIS was a petition for an order to show cause why a writ of *mandamus* should not issue to the Circuit Court of Appeals for the First Circuit, to allow an appeal to this court from a decree of that court affirming a decree of the Circuit Court for the District of Massachusetts, dismissing the bill of *Charles F. Jones* against *The Merchants' National Bank*, of Boston ; and also for a citation to such bank to appear and show cause why such decree should not be corrected.

The petition set forth, in substance, that petitioner recovered a judgment in the Circuit Court for the District of Massachusetts against one Swift, for the sum of $18,876.82, upon an action of contract; that Swift paid the amount of the judgment to the clerk of the court, who entered satisfaction of the same; that the money so received by the clerk was deposited with the Merchants' National Bank for the benefit of petitioner, as he claims; that the clerk declined to instruct the bank to pay the money over, whereupon petitioner brought

his bill against the bank for an account of such money, to which bill the bank demurred; that the court sustained the demurrer and dismissed his bill, whereupon petitioner appealed to the Circuit Court of Appeals, which affirmed the decree of the Circuit Court.

Petitioner then claimed an appeal to this court, and presented an application for the allowance of such appeal to the Court of Appeals, which was denied, and he thereupon made this application for a *mandamus* to allow the appeal.

*Mr. F. A. Brooks* and *Mr. Frank W. Hackett* for petitioner.

MR. JUSTICE BROWN, after stating the case, delivered the opinion of the court.

The Circuit Court of Appeals refused to allow an appeal in this case, upon the ground that its jurisdiction of the case was "dependent entirely upon the opposite parties to the suit or controversy, being . . . citizens of different States," and, therefore, under section six of the Court of Appeals act of March, 1891, its decree was final and not the subject of an appeal to this court.

Prior to the act of July 12, 1882, c. 290, 22 Stat. 162, and the jurisdictional act of March 3, 1887, c. 373, 24 Stat. 552, as revised by the act of August 13, 1888, c. 866, 25 Stat. 433, 436, it had always been held that suits against corporations, organized under acts of Congress, were suits arising under the laws of the United States, and, therefore, cognizable by the Circuit Courts, regardless of the citizenship of the parties. This doctrine was applied to the United States Bank more than seventy years ago in *Osborn* v. *United States Bank*, 9 Wheat. 738, 819, and more recently to railways chartered under acts of Congress, *Pacific Railroad Removal cases*, 115 U. S. 1, even since the Court of Appeals act was passed. *Northern Pacific Railroad* v. *Amato*, 144 U. S. 465; *Union Pacific Railway* v. *Harris*, 158 U. S. 326.

But by the act of 1882, and more recently by section four of the acts of March 3, 1887, and August 13, 1888, the privi-

lege of suing and being sued under this clause was taken away from national banks by the following language:

"Sec. 4. That all national banking associations established under the laws of the United States shall, for the purposes of all actions by or against them, real, personal or mixed, and all suits in equity, be deemed citizens of the States in which they are respectively located; and in such cases the Circuit and District Courts shall not have jurisdiction, other than such as they would have in cases between individual citizens of the same States."

In *Leather Mfrs. Bank* v. *Cooper*, 120 U. S. 778, it was held by this court that, under the act of 1882, which was similar in its terms, an action against a national bank could not be removed to the Federal court, "unless a similar suit could be entertained by the same court by or against a state bank in like situation with the national bank. Consequently, so long as the act of 1882 was in force, nothing in the way of jurisdiction could be claimed by a national bank because of the source of its incorporation. A national bank was by that statute placed before the law in this respect the same as a bank not organized under the laws of the United States." See also *Whittemore* v. *Amoskeag Nat. Bank*, 134 U. S. 527; *Petri* v. *Commercial Bank*, 142 U. S. 644. The section above cited from the act of 1888 undoubtedly deprives these banks of the privilege of suing or being sued, except in cases where diversity of citizenship would authorize an action to be brought; and in such cases the decree of the Court of Appeals is final.

In this case the original bill averred the complainant to be a citizen of Pennsylvania and the defendant to be a national bank, duly established under the laws of the United States, having its place of business at Boston, and a citizen of the State of Massachusetts. As the bill was filed after the act of 1888 took effect, it must be deemed to be a suit dependent upon citizenship alone. But even if another ground were developed in the course of the proceedings, the judgment of the Court of Appeals would be final if the jurisdiction of the Circuit Court were originally invoked solely upon the ground of

citizenship. *Colorado Central Mining Co.* v. *Turck,* 150 U. S. 138; *Borgmeyer* v. *Idler,* 159 U. S. 408.

The petition for *mandamus* must be

*Denied.*