## DENICKE v. ANGLO CALIFORNIA NAT. BANK OF SAN FRANCISCO et al.
### No. 21033-S.

District Court, N. D. California, S. D.

Jan. 28, 1939.

Aaron M. Sargent, of San Francisco, Cal., for plaintiff.

Sullivan, Roche & Johnson, of San Francisco, Cal., for defendants Anglo California Nat. Bank, Mortimer Fleishhacker, and Mortimer Fleishhacker, Jr.

McKinstry, Haber & Coombes, of San Francisco, Cal., for defendants Charles E. MacLean and R. H. Holmberg and Empire Farms, Inc.

ST. SURE, District Judge.

Plaintiff sues the Anglo California National Bank of San Francisco, a national banking association, Mortimer Fleishhacker, Herbert Fleishhacker, Mortimer Fleishhacker, Jr., George I. Cochran, and others, for damages for an alleged fraudulent conspiracy in violation of the National Bank Act, 12 U.S.C.A. §§ 84, 93, 501a, 503, 595, 375, 375a, 371, and 371c. Plaintiff is a shareholder of the bank, and he brings the action "in the name, and on behalf of defendant bank in order to enforce demands and causes of action which the directors and executive officers thereof have refused to enforce." No diversity of citizenship is alleged.

Certain of the defendants move to dismiss, contending that the suit is not one arising under the laws of the United States, Art. 3, § 2 of the Federal Constitution, U.S.C.A.; 28 U.S.C.A. § 41. The jurisdictional question thus presented need not be discussed, because not only the jurisdiction but also the venue of the suit is established by the National Bank Act itself, 12 U.S.C.A. § 94, 1938 pocket part, p. 40. The section reads as follows:

"Actions and proceedings against any association under this title may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

The history of the National Bank Act shows that the original act of June 3, 1864, c. 106, § 57, 13 Stat. p. 116, contained an almost identical provision, which was omitted from the Revised Statutes. Thereafter, by the act of February 18, 1875, c. 80, 18 Stat. p. 320, an act to correct errors and to supply omissions, if any, in the Revised Statutes of the United States, it was provided: "Section five thousand one hundred and ninety-eight is amended by adding thereto the following: 'That suits, actions, and proceedings against any association under this title may be had in any * * district * * * court of the United States,'" etc. The language of § 5198 is contained in 12 U.S.C.A. §§ 86 and 94. In the 1936 edition of Title 12, Banks and Banking, § 94 reads: "Actions and proceedings against any association under section 86 [usury section] of this title may be had in any district * * * court of the United States," etc. Undoubtedly this led counsel to conclude that the provision for jurisdiction and venue was to apply only to usury actions. But the language of the code has since been corrected, 12 U.S.C.A. § 94, 1938 pocket part, restoring the language of the Act of 1875, section 5198 R.S.

In Chesbrough v. Woodworth, 244 U.S. 72, 78, 37 S.Ct. 579, 61 L.Ed. 1000, an action similar to the present, it was held that § 5198 gave the United States District Court jurisdiction. In American National

Bank of Portsmouth v. Ames, 169 Va. 711, 194 S.E. 784, suit was brought by Kate Walker Ames and others, on behalf of themselves and all other stockholders of the First National Bank of Portsmouth against the American National Bank of Portsmouth, for the construction of a contract transferring all the property of the First National Bank to the respondent bank, and for an accounting and other relief. It was in no sense a proceeding for winding up the affairs of a bank. The court held, page 797, that "U.S.C.A. Title 12, § 94, gives to the appropriate United States District Court and to the appropriate state court concurrent jurisdiction of actions of this character against a national bank." The case was decided on January 13, 1938, and certiorari was denied by the United States Supreme Court on May 23, 1938, 304 U.S. 577, 58 S.Ct. 1046, 82 L.Ed. 1540.

The motions to dismiss for want of jurisdiction will be denied.