Defendants move to remove the cause to the district court of the United States because of diversity of citizenship.28 U.S.C.A. §§ 41 and 71. Complainant, while admitting the diversity, resists removal on the ground that jurisdiction was taken away from the district court by the act of Congress of March 23d 1932, commonly called the Norris-LaGuardia act.29 U.S.C.A. § 101-115.
Briefly, the bill discloses that complainant is engaged in the furniture business in Newark; that its employes are not on strike, nor do they threaten any strike. Nevertheless, the defendants are picketing complainant's store or, as alleged in the bill, the Union causes its members and other persons to walk back and forth in front of the premises bearing signs which state that complainant's employes are on strike. Complainant *Page 146 
is losing business as a result and prays that the Union, its members and agents, be restrained from picketing complainant's place of business. The bill states a cause of action under the law of New Jersey for which complainant is entitled to the relief sought by decree of the court of chancery.
The Norris-LaGuardia act enacts that in any case involving a labor dispute, no court of the United States shall have jurisdiction to issue an injunction prohibiting the defendants from "giving publicity to the existence of, or the facts involved in, any labor dispute, whether by advertising, speaking, patrolling, or by any other method not involving fraud or violence." The federal courts are also deprived of jurisdiction except after finding that greater injury will be inflicted upon complainant by the denial of relief than will be inflicted upon defendants by the granting of relief, and that the public officers charged with the duty to protect complainant's property, are unable or unwilling to furnish adequate protection.
Defendants do not contend that this cause is not one involving or growing out of a labor dispute. The district court of the United States has no jurisdiction to issue the injunction and would have to dismiss the bill of complaint, for the bill does not show that greater injury will be inflicted upon complainant by the denial of relief than will be inflicted upon defendants by the granting of relief, and fails to allege that the police are unable or unwilling to furnish adequate protection. Grace Co.
v. Williams, 96 Fed. Rep. 2d 478. Even if these obstacles could be hurdled, while the federal court could probably restrain the defendants from falsely advertising that there is a strike, it could not give the full relief to which complainant is entitled, namely, an injunction against picketing of any kind. The word "patrolling" in the federal statute means picketing.
As the acts complained of occurred in New Jersey, the law of this state governs the substantive rights of the parties, but the power of the federal court to grant relief depends upon the jurisdiction conferred upon it by the statutes of the United States. Lauf v. Schinner Co., 302 U.S. 323. Congress may take from inferior federal courts jurisdiction of classes of cases which involve controversies between citizens *Page 147 
of different states. Kline v. Burke Construction Co.,260 U.S. 226; 43 S.Ct. 79; United Electric Coal Co. v. Rice,80 Fed. Rep. 2d 1. When Congress deprives the courts of the United States of jurisdiction in certain cases, "such a suit can neither be brought nor removed there, for jurisdiction of such suits has been taken away." Leather Manufacturers National Bank v.Cooper, 120 U.S. 778; 7 S.Ct. 777. A cause cannot be removable unless the federal court has jurisdiction to hear the controversy and to grant relief. Miles v. Layton (Del.),198 Atl. Rep. 567. I need not consider other objections made to the motion for removal.
The petition for removal will be denied.
Complainant's order to show cause why there should not be a temporary restraint against picketing, will be made absolute. But defendants, in view of their application to remove, presented no answering affidavits. The order for restraint will be without prejudice to a motion to vacate same, supported by affidavits and heard on five days' notice. *Page 148