## BUFFUM v. CHASE NAT. BANK OF CITY OF NEW YORK.

### No. 10456.

United States Court of Appeals
Seventh Circuit.

Oct. 24, 1951.

Harry G. Fins, Erving S. Sternberg, Chicago, Ill., for appellant.

Kenneth F. Burgess, Howard Neitzert and Walter J. Cummings, Jr., all of Chicago, Ill. (Sidley, Austin, Burgess & Smith, Chicago, Ill., Milbank, Tweed, Hope & Hadley, New York City, of counsel), for appellee.

Before MAJOR, Chief Judge, FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiff's amended complaint averred that plaintiff is a citizen of Illinois, defendant, a national banking association in New York; that the amount in controversy exceeds $3,000; that defendant has been authorized to do business in Illinois as a foreign corporation; that, in reliance upon defendant's representation that it was holding letters of allocation for 175,000 tons of cold rolled sheet steel, which it was willing to sell, plaintiff obtained an order for purchase of the steel and tendered it to defendant but that the latter refused to consummate the sale, to the damage of plaintiff in excess of $3,000,000. Plaintiff filed a further amendment to the complaint in which he averred that defendant maintains a Chicago office, is a Chicago telephone subscriber and maintains a Chicago teletype station.

Defendant moved to dismiss upon the ground, amongst others, that under Title 12 U.S.C.A. § 94, an action against defendant may be brought only in the Southern District of New York where it is located; that, in complying with the foreign corporation laws of Illinois and consenting that it might be sued there, defendant had limited its consent to transaction of business in Illinois only "in connection with its acceptance and execution of trusts and to receive deposits of trust funds in Illinois." In its annual report to the Illinois Secretary of State in 1942 and thereafter defendant listed its Illinois registered agent only "in connection with the acceptance and execution of trusts and receipts of deposits and trust funds in Illinois."

Only one question was considered by the District Court, which concluded that "the

venue of this action is only in the Southern District of New York. The defendant has not consented to be sued in Illinois except 'in connection with the acceptance and execution of trusts and receipts of deposits of trust funds in Illinois' and such matters are not involved in this action." Thereupon the court entered an order dismissing the suit for want of proper venue. The parties agree that the ultimate issue here is as to the propriety of this order.

So far as the jurisdiction of the court over the subject matter is concerned, there is no question· but that if the venue was properly laid the court had jurisdiction on the grounds of diversity, for a national banking association is by statute placed "before the law in this respect the same as a bank not organized under the laws of the United States." Leather Manufacturers Nat. Bank v. Cooper, 120 U.S. 778, 781, 7 S.Ct. 777, 778, 30 L.Ed. 816. See also Ex parte Jones, 164 U.S. 691, 693, 17 S.Ct. 222, 41 L.Ed. 601; Petri v. Commercial National Bank of Chicago, 142 U.S. 644, 12 S.Ct. 325, 35 L.Ed. 1144; American Surety Co. v. Bank of California, 9 Cir., 133 F.2d 160. The issue here then is not one of jurisdiction of the subject matter, but one as to the proper venue, the proper locality. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, at page 168, 60 S.Ct. 153, 84 L.Ed. 167.

■ It seems clear that the proper venue, in the absence of waiver or consent, is determined by Section 94 of 12 U.S.C.A. Under this section "Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases." A national bank is established within the meaning of this act only in the place where its principal office and place of business is as specified in its organization certificate. Leonardi v. Chase National Bank of City of New York, 2 Cir., 81 F.2d 19, 22. It was expressly held in that case that a suit against such a bank may be maintained only in the

place of its establishment, i. e., its location. There the bank was sued in a district other than where it was established. The court said: "The defendant's charter ˙recites .that its home office and principal place of business is in the Southern District. * * the district in which the national bank has its principal place of business and which contains the place recited in its charter should be taken as the proper district for suits against a national bank. The court in the Eastern District of New York was without jurisdiction". As recently as 1947 the Supreme Court has ruled likewise. Thus in Cope v. Anderson, 331 U.S. 461, 467, 67 S.Ct. 1340, 1343, 91 L.Ed. 1602, the court said: "Many provisions of federal law make national banks, in important aspects peculiarly local institutions. * * For jurisdictional purposes, a national bank is a 'citizen' of the state in which it is established or located, * * * ˌand in that district alone can it be sued. 12 U.S.C. § 94, 12 U.S.C.A. § 94 * * *." State courts, called upon to entertain actions against national·banks, of which they have jurisdiction, have ruled similarly. See Crocker et al. v. Marine National Bank of New York, 101 Mass. 240; Burns v. Northwestern Nat. Bank of Minneapolis, Minn., 1935, 65 N.D. 473, 260 N.W. 253; Rabinowitz v. ˙Kaiser-Frazer Corp., 1950, 198 Misc. 312, 96 N.Y. S.2d 638; ·Crofoot v. Giannini, 1949, 192 Misc. 213, 92 N.Y.S.2d 191. It follows that, aside from other questions involved, the trial court properly held that the proper venue for this suit was only in the Southern District of New York.

■ However, plaintiff further contends that defendant has consented to be sued in Illinois and has thereby waived its personal privilege to be sued only in New York. The right to be sued in a certain place only may be waived or lost by failure to assert it. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 166, 169, 60 S. Ct. 153, 84 L.Ed. 167. The right of defendant growing out of Section 94 does not differ from other similar rights to be sued only in certain places. It is a personal right and, obviously, may be waived by the conduct of the one to whom it belongs. Waiver is a voluntary and intentional re-

linquishment or abandonment of a known existing right or privilege, which, except for such waiver, would have been enjoyed. 67 C.J. 289. It may be expressed formally or it may be implied as a necessary consequence of the waiver's conduct inconsistent with an assertion of retention of the right. It must be proved by the party relying upon it. And if the only proof of intention to waive rests on what a party does or forbears to do, his act or omissions to act should be so manifestly consistent with and indicative of an intent to relinquish voluntarily a particular right that no other reasonable explanation of his conduct is possible. 67 C.J. 311 and cases there cited.

 In this case there is no question but that defendant applied for and obtained leave to transact business in the state of Illinois for the limited purpose of "acceptance and execution of trusts and receipt of deposits of trust funds in Illinois." Though its original agent for service was authorized to accept service "in all suits in Illinois," when he was replaced with another, the resolution creating the successor's authority provided that he should be the registered agent in matters involving the limited purpose for which defendant was qualified to do business in Illinois. So our question in this respect is, did defendant, by qualifying for the limited purpose of doing trust business in Illinois, intend to waive its right to be sued in a transaction which on its face does not purport to grow out of such trust business? Here the defendant was authorized to do only a trust business in Illinois. It consented to be sued there as to transactions growing out of that purpose and thereby waived its privilege to be sued only in New York upon any matter arising out of its trust business transacted in Illinois. The court found that no such matter was involved in the present suit. On the face of the complaint, it is clear that this is a suit to recover damages for breach of contract. We agree, therefore, with the District Court that the litigation did not involve any trust business in the state of Illinois. We are of the further opinion that defendant, by its acts, evinced no intention to waive in its entirety the privilege it had under the laws of being sued only in New York. We can not attribute to it an intent to waive anything other than what it did actually waive in consenting to be sued in Illinois in connection with trust business transacted in that state.

Plaintiff contends that Section 94 applies only to limited litigation concerning national bank associations. It argues that the words "under this chapter" refer only to organization or dissolution of the relationship. We think this an unduly narrow interpretation. Under plaintiff's construction the phrase would necessarily have to be displaced in the language of the section or the words "this chapter" would necessarily be confined to limited proceedings concerning national banks, whereas the chapter actually encompasses a wide variety of various subject matters relating to national banks.

 Plaintiff insists further that Section 1391, 28 U.S.C., has superseded Section 94 and that no longer is a national banking association endowed with the personal privilege of being sued only in the district where it is established. But it is to be observed that, in enacting the 1948 Code, Congress repealed only all laws specified in the revision and other superseded and obsolete provisions relating to the courts. It attached a schedule of the laws which it intended to repeal. The House reported that this list had been carefully checked and rechecked many times. Section 94 was not amongst the list of repealed laws. "An earlier act, specific in its coverage, will be read as an exception to a later one directed to investments generally, 'It is a well-settled principle of construction that specific terms covering the given subject matter will prevail over general language of the same or another statute which may otherwise prove controlling.' Kepner v. United States, 195 U.S. 100, 125, [24 S.Ct. 797, 49 L.Ed. 114]; cf. Ginsberg & Sons v. Popkin, 285 U.S. 204, 208, [52 S. Ct. 322, 76 L.Ed. 704]; In re East River Towing Co., 266 U.S. 355, 367, [45 S.Ct. 114, 69 L.Ed. 324]; Washington v. Miller, 235 U.S. 422, 428, [35 S.Ct. 119, 59 L.Ed. 295]; Rosencrans v. United States, 165 U. S. 257, 262, [17 S.Ct. 302, 41 L.Ed. 708];

[Town of] Red Rock v. Henry, 106 U.S. 596, 603, [1 S.Ct. 434, 27 L.Ed. 251]." A contention such as plaintiff's was raised in International Refugee Organization v. Bank of America, D.C., 86 F.Supp. 884, 886, where the court said: "No change was made in T. 12 U.S.C.A. § 94 by the 1948 revision of Title 28, and said § 94 is in full force and effect.

"In fact, section 94 of Title 12 is one of the exceptions to the general venue section, § 1391 of Title 28 U.S.C.A."

Plaintiff suggests that the record on this appeal unnecessarily, at defendant's request, included the original complaint and thereby increased plaintiff's printing costs and that, therefore, the additional costs thus entailed should be taxed against defendant in accord with rule 75(e) of the Rules of Civil Procedure, 28 U.S.C. We have examined the original complaint carefully. We think it was entirely unnecessary to a complete understanding or presentation of the issues raised. Therefore, it was unnecessary to print the same. Under rule 75(e) we may withhold or impose costs as the circumstances of the case may require. We hold that so much of the transcript as includes a printed copy of the original complaint was unnecessary and direct that the cost of printing such portion of the record be taxed against defendant.

In all other respects the judgment is affirmed.