Manuel W. Levine, J.
This is a motion by Franklin National Bank for a change of venue from Suffolk County to Nassau County. It is based upon section 94 of title 12 of the United States Code.
This motion was not made within 15 days after service of the demand (CPLR 511, subd. [b]). Moreover, in the opinion of this court the provisions of section 94 of title 12 of the United States Code do not warrant an interpretation that a national bank having branch offices in different counties may be sued only in the county in which it has its main office. Defendant bank maintains a number of offices in Suffolk County and conducts general business at such offices. It is therefore located in Suffolk County.
The cases relied upon by defendant are not deemed controlling upon this court. In no instance did they involve a bank having offices in both counties for the transaction of general business (cf. Buffum v. Chase Nat. Bank, 192 F. 2d 58, cert. den. 342 U. S. 944; Chemical Fats & Oils Corp. v. Chase Manhattan Bank, N. Y. L. J., Nov. 12,1964, p. 16, col. 3). In the case of Buffum v. Chase Nat. Bank (supra) it was indicated that a different holding would have been made had the action been related to the business conducted by the bank in that State.