**Hugh ROONEY and Yola Rooney,
Plaintiffs,**

v.

**FIRST WISCONSIN NATIONAL BANK
et al., Defendants.**

No. 71-C-327.

United States District Court,
E. D. Wisconsin.

Sept. 14, 1971.

Hugh and Yola Rooney, pro se.

Foley & Lardner by Gilbert Church, Milwaukee, Wis., 1st Wis. Nat. Bank, Boorse and Schilz.

Miller, Pies, Blazkovec & Evans, Algoma, Wis., for Roland and Shirley Holtz.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs in this action seek damages allegedly incurred as a result of the defendants' wrongful conduct in connection with the foreclosure of a mortgage held by the defendant bank on the plaintiffs' laundry and dry cleaning business and the subsequent sale of the property to the defendants Roland and Shirley Holtz. A motion for a change of venue accompanied the plaintiffs' complaint.

An answer to the complaint has been submitted by the bank and its two officers named as individual defendants; the bank later filed a motion for summary judgment. However, when the Holtzes apparently failed to respond within 20 days after the service of the summons and complaint upon them, as required by Rule 12, Federal Rules of Civil Procedure, the plaintiffs moved for a default judgment as to these defendants.

In a letter to the plaintiffs with reference to their motion for a default judgment, this court stated that it would defer action on the motion pending the de-

termination of whether "there is a proper basis for * * * [the court's] * * * jurisdiction in the instant case"—an issue which is raised by both the bank's answer and its motion for summary judgment. I have now concluded that this court does not have jurisdiction to hear the plaintiffs' claims.

The complaint does not contain the "short and plain statement of the grounds upon which the court's jurisdiction depends" required by Rule 8(a) (1), Federal Rules of Civil Procedure; however, the plaintiffs are pleading pro se, and I am mindful of the admonition of Rule 8(f) that "all pleadings shall be so construed as to do substantial justice". This latter approach has been held to be applicable to the statement of jurisdiction of Rule 8(a) (1). Barnes v. Irving Trust Co., 290 F.Supp. 116, 117 (S.D.Tex.1968).

■ It is apparent that jurisdiction in the case at bar cannot be predicated upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The complaint contains no allegations as to the states of citizenship of the respective defendants; only the places of residence of the individual defendants are given and, as to the defendant bank, the complaint refers only to the location of its principal office. See Metropolis Theater Co. v. Barkhausen, 170 F.2d 481, 484 (7th Cir. 1948).

■ The fact that the bank is a national bank cannot save the plaintiffs' action. In Swift v. Fourth National Bank, 205 F.Supp. 563, 565 (M.D.Ga. 1962), the court stated:

" * * * For jurisdictional purposes a national bank is deemed to be a citizen of the State in which it is located. Walker v. Bank of America, etc., 9 Cir., 268 F.2d 16. In order for there to be diversity jurisdiction in this Court in the first instance, there must be diversity of citizenship between each Plaintiff and each Defendant in the case, and to sustain the diversity jurisdiction there must exist an actual controversy between citizens of differ-ent states, all of whom on one side of the controversy are citizens of different states from all parties on the other side."

See also Kirk v. Kirk, 295 F.Supp. 1001, 1003 (Or.1968); Bachman v. First-Mechanics National Bank, 69 F.Supp. 739, 741 (N.J.1947); but see Denicke v. Anglo California National Bank, 26 F. Supp. 240 (N.D.Cal.1939).

The plaintiffs appear to rely on Title 12 of the United States Code, "Banks and Banking," for the proposition that this court has jurisdiction of their action. This position, nevertheless, cannot be sustained for, as noted in Bachman v. First-Mechanics National Bank, supra, 69 F.Supp. at p. 741:

" * * * the jurisdiction of the federal courts may not be invoked simply upon the ground that * * * [national banks] * * * were created by and exercised their powers under acts of Congress."

Furthermore, 12 U.S.C. § 94, which arguably confers jurisdiction to hear claims against national banks, consistently has been held to be merely a venue provision. See, e. g., Mercantile National Bank v. Langdeau, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963); Buffum v. Chase National Bank, 192 F.2d 58 (7th Cir. 1951), cert. denied 342 U.S. 944, 72 S.Ct. 558, 96 L.Ed. 702 (1952).

■ Finally, I am persuaded that the complaint presents no substantial federal question so as to give this court jurisdiction under 28 U.S.C. § 1331. The plaintiffs ostensibly complain only that the defendants intentionally misled or defrauded them and that they have suffered economic and emotional injury. Notwithstanding the fact that the defendant bank was organized and is operated pursuant to federal statute, the plaintiffs' action does not appear to arise "under the Constitution, laws, or treaties of the United States."

Therefore, it is ordered, on the court's own motion, that the plaintiffs' action be and hereby is dismissed, without prejudice.