No. 81-508

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

HAMELLY INTERNATIONAL, INC., a corp.,
ESTHER V.M. HAMEL, ROBERT HAMEL, L.
THOMAS KELLY, individuals,

          Plaintiffs and Appellants,

   -vs-

FIRST NATIONAL BANK OF NEVADA, a banking
corp., and BANK OF NOVA SCOTIA, a banking
corp.,

          Defendants and Respondents.

Appeal from:  District Court of the Fourth Judicial District,
               In and for the County of Missoula, The Honorable
               John S. Henson, Judge presiding.

Counsel of Record:

    For Appellants:

            Mulroney, Delaney & Dalby, P. Mars Scott,
            Missoula, Montana

    For Respondents:

            Church, Harris, Johnson & Williams; Milton
            Wordahl, Great Falls, Montana
            Garlington, Lohn & Robinson, Missoula, Montana

Submitted on Briefs:  April 22, 1982

Decided: July 14, 1982

Filed: JUL 15 1982

Thomas J. Kearney
                Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

The Fourth Judicial District Court of Montana, Missoula County, issued an order September 16, 1981, dismissing appellants' complaint against defendant, First National Bank of Nevada. The complaint was dismissed for lack of jurisdiction, pursuant to 12 United States Code §94. Final judgment, pursuant to Montana Rule of Civil Procedure 54(b), was also issued in favor of First National Bank of Nevada. Appellants appeal that judgment. We affirm.

Hamelly International, Inc. (Hamelly), is engaged in the business of researching and developing agricultural products. Its corporate headquarters is in St. Ignatius, Lake County, Montana. The individual plaintiffs/appellants are directors, officers and stockholders of Hamelly. Their principal residences are also St. Ignatius, Montana.

Defendant/Respondent, First National Bank of Nevada (Bank), is a Nevada Bank with several branch offices. The branch office relevant to this case is located in Reno, Nevada. The Bank has no branch offices in Montana, nor does it have any agent or employee working in Montana. Defendant Bank of Nova Scotia is not involved in this appeal.

In anticipation of establishing a manufacturing plant in Nevada, Hamelly decided in July 1976 to start an account with a bank in Nevada. At the advice of non-bank associated friends, Hamelly's principal executive officer approached the First National Bank of Nevada, Reno, and requested its acceptance of Hamelly's checking and banking business. Bank agreed and accounts were established at the Bank's Carson City, Nevada branch. That transaction occurred in the State of Nevada at the appellants' initiative.

Hamelly maintained its checking account with Bank from 1976 on into 1979. In the fall of 1978, Hamelly deposited in its checking account with Bank a $15,000 check drawn on the Bank of Nova Scotia. Bank assured Hamelly the check was payable in United States dollars. On November 11, 1978, without notice, Bank charged the Hamelly account for $2,452.50, based on the existing exchange rate between United States and Canadian dollars.

On December 15, 1978, Bank further charged Hamelly's account for $12,735.64, the then value of the $15,000 check in United States dollars. The Bank of Nova Scotia had returned the check to Bank as the payor's account had insufficient funds to cover the check. This charge was made more than two months after the check was initially deposited. The Uniform Commercial Code requires a drawee-bank to reject a check for insufficient funds within twenty-four hours. See section 30-4-210, MCA.

Hamelly filed a complaint in the Fourth Judicial District Court, Missoula County, Montana, on December 23, 1980, seeking general and punitive damages from both banks for the improper, unlawful charges against Hamelly's account.

Bank, on January 30, 1981, moved the District Court to dismiss the complaint for lack of jurisdiction. Bank based its motion on 12 United States Code §94. It reads:

> "Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

Bank contended that it was neither established nor located in Montana; therefore, jurisdiction did not lie in Montana.

Subsequently, Hamelly submitted a set of interrogatories to Bank regarding its business activities in Montana. A partial response was filed immediately prior to the April 20, 1981, hearing on the motion to dismiss. Affidavits from both parties were also presented prior to and at the hearing. On the basis of that evidence, the District Court dismissed Hamelly's complaint for lack of jurisdiction.

Hamelly presents three contentions on appeal:

(1) That, because of conducting substantial business activities in Montana, Bank is either "located" in Montana pursuant to 12 United States Code §94 or, Bank waives its section 94 jurisdictional privilege.

(2) That the factual evidence submitted prior to and at the hearing was insufficient evidence on which to base an order to dismiss a complaint. Bank should be required to respond to Hamelly's interrogatories prior to any jurisdictional ruling.

(3) That 12 United States Code §94, as applied in the instant case, unconstitutionally denies Hamelly its equal protection and due process rights.

Although written in permissive language, 12 United States Code §94 is a mandatory statute. Mercantile National Bank v. Langdeau (1963), 371 U.S. 555, 562, 83 S.Ct. 520, 524, 9 L.Ed.2d 523, 529. A national bank is subject to jurisdiction only where it was established or where it is located. The United States Supreme Court, in Citizens and Southern National Bank v. Bougas (1977), 434 U.S. 35, 98 S.Ct. 88, 54 L.Ed.2d 218, construed the word "located," as used in 12 United States Code §94, to mean wherever branch offices are found. Therefore, a national bank can now be sued in the jurisdiction where it was originally established, as well as in any jurisdiction containing a branch office.

First National Bank of Nevada was established in Nevada. No branch offices are located in Montana. Therefore, Bank is not subject to Montana jurisdiction pursuant to 12 United States Code §94.

A national bank may waive the jurisdiction privilege provided by 12 United States Code §94. In Montana, a waiver is a voluntary relinquishment of a known right. Rase v. Castle Mountain Ranch, Inc. (1981), 631 P.2d 680, 687, 38 St.Rep. 992, 999-1000. To constitute a waiver, the bank's conduct must be "manifestly consistent with and indicative of an intent to relinquish voluntarily a particular right. . ." Buffum v. Chase National Bank (7th Cir. 1951), 192 F.2d 58, 61. No conduct by First National Bank of Nevada relevant to this case meets that test.

Bank at no time conducted a business in Montana. No agent of Bank went to Montana to solicit business. Any contact with Montana by Bank was through the United States Postal Service or by phone. The personal representative of Hamelly went to Nevada and personally initiated contact with Bank. The Bank never enlisted the aid of any Montana institution, law or process while dealing with Hamelly. There is absolutely no conduct by Bank to warrant a finding that Bank waived its 12 United States Code §94 jurisdictional privilege.

We held in Drum v. District Court (1976), 169 Mont. 494, 548 P.2d 1377, that the Chase Manhatten Bank of New York had failed to waive its jurisdictional privilege not to be sued in Montana. Chase personnel had solicited Drum's business through letters to Montana and had come to Montana to finalize a loan to Drum. In that case, the New York bank's Montana-based activities were substantially greater than those by Bank in the instant case. Yet, we held that

no waiver had occurred.

To hold that Bank's actions constituted a waiver of its jurisdictional privilege would be similar to granting Montana jurisdiction on the basis of the "minimal contacts" rule set forth in International Shoe Co. v. Washington (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. To do so would abrogate the National Banking Act's jurisdictional statute as well as its purpose--to prevent "the untoward interruption of a national bank's business that might result from compelled production of bank records for distant litigation." Citizens and Southern National Bank v. Bougas, 434 U.S. at 44.

Hamelly contends that without Bank's responses to their interrogatories, there is insufficient evidence on which to dismiss Hamelly's complaint for lack of jurisdiction. We disagree. The affidavits submitted to the District Court by both parties, together with the testimony presented at the hearing, is sufficient evidence on which to base a ruling of lack of jurisdiction. The Bank is not located in Montana. The Bank has not waived its 12 United States Code §94 jurisdictional privilege. Therefore, Montana has no jurisdiction. There remains no material issue of fact. Therefore, Bank need not further respond to Hamelly's interrogatories.

Finally, Hamelly contends that its constitutional rights of due process and equal protection have been violated by the application of 12 United States Code §94 in this instance. The United States Supreme Court held in Citizens and Southern National Bank v. Langdeau, 434 U.S. at 41 that: "Unquestionably Congress had authority to prescribe the manner and circumstances under which [national] banks could sue or be sued in the courts." As we stated in Drum v. District Court, 169 Mont. at 503, "[w]hile we are not in

-6-

sympathy with this legislation, we are compelled to follow it." It is up to Congress, not us, to change this statute.

The order dismissing Hamelly's complaint as it applies to First National Bank of Nevada is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

Mr. Justice John C. Sheehy, specially concurring:

I agree with the result in this case, because the First National Bank of Nevada has had none of the contacts with Montana set forth in Rule 4B(1), Montana Rules of Civil Procedure making the bank subject to Montana jurisdiction. I think in a proper case we ought to find that 12 U.S.C. § 94 does deprive Montana citizens dealing with out of state banks of due process and equal protection. This is not the case.

_____
Justice