MR. JUSTICE MORRISON
delivered the opinion of the Court.
The Fourth Judicial District Court of Montana, Missoula County, issued an order September 16, 1981, dismissing ap *223 pellants’ complaint against defendant, First National Bank of Nevada. The complaint was dismissed for lack of jurisdiction, pursuant to 12 United States Code section 94. Final judgment, pursuant to Montana Rule of Civil Procedure 54(b), was also issued in favor of First National Bank of Nevada. Appellants appeal that judgment. We affirm.
Hamelly International, Inc. (Hamelly), is engaged in the business of researching and developing agricultural products. Its corporate headquarters is in St. Ignatius, Lake County, Montana. The individual plaintiffs/appellants are directors, officers and stockholders of Hamelly. Their principal residences are also St. Ignatius, Montana.
Defendant/Respondent, First National Bank of Nevada (Bank), is a Nevada Bank with several branch offices. The branch office relevant to this case is located in Reno, Nevada. The Bank has no branch offices in Montana, nor does it have any agent or employee working in Montana. Defendant Bank of Nova Scotia is not involved in this appeal.
In anticipation of establishing a manufacturing plant in Nevada, Hamelly decided in July 1976 to start an account with a bank in Nevada. At the advice of non-bank associated friends, Hamelly’s principal executive officer approached the First National Bank of Nevada, Reno, and requested its acceptance of Hamelly’s checking and banking business. Bank agreed and accounts were established at the Bank’s Carson City, Nevada branch. That transaction occurred in the State of Nevada at the appellant’s initiative.
Hamelly maintained its checking acount with Bank from 1976 on into 1979. In the fall of 1978, Hamelly deposited in its checking account with Bank a $15,000 check drawn on the Bank of Nova Scotia. On November 11, 1978, without notice, Bank charged the Hamelly account for $2,452.50, based on the existing exchange rate between United States and Canadian dollars.
On December 15, 1978, Bank further charged Hamelly’s account for $12,735.64, the then value of the $15,000 check in United States dollars. The Bank of Nova Scotia had re *224 turned the check to Bank as the payor’s acount had insufficient funds to cover the check. This charge was made more than two months after the check was initially deposited. The Uniform Commerical Code requires a drawee-bank to reject a check for insufficient funds within twenty-four hours. See section 30-4-210, MCA.
Hamelly filed a complaint in the Fourth Judicial District Court, Missoula County, Montana, on December 23, 1980, seeking general and punitive damages from both banks for the improper, unlawful charges against Hamelly’s account.
Bank, on January 30, 1981, moved the District Court to dismiss the complaint for lack of jurisdiction. Bank based its motion on 12 United States Code Section 94. It reads:
“Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.”
Bank contended that it was neither established nor located in Montana; therefore, jurisdiction did not lie in Montana.
Subsequently, Hamelly submitted a set of interrogatories to Bank regarding its business activities in Montana. A partial response was filed immediately prior to the April 20, 1981, hearing on the motion to dismiss. Affidavits from both parties were also presented prior to and at the hearing. On the basis of that evidence, the District Court dismissed Hamelly’s complaint for lack of jurisdiction.
Hamelly presents three contentions on appeal:
(1) That, because of conducting substantial business activities in Montana, Bank is either “located” in Montana pursuant to 12 United States Code Section 94 or, Bank waives its section 94 jurisdictional privilege.
(2) That the factual evidence submitted prior to and at the hearing was insufficient evidence on which to base an order to dismiss a complaint. Bank should be required to respond to Hamelly’s interrogatories prior to any jurisdic *225 tional ruling.
(3) That 12 United States Code Section 94, as applied in the instant czase, unconstitutionally denies Hamelly its equal protection and due process rights.
Although written in permissive language, 12 United States Code section 94 is a mandatory statute. Mercantile National Bank v. Langdeau (1963), 371 U.S. 555, 562, 83 S.Ct. 520, 524, 9 L.Ed.2d 523, 529. A national bank is subject to jurisdiction only where it was established or where it is located. The United States Supreme Court, in Citizens and Southern National Bank v. Bougas (1977), 434 U.S. 35, 98 S.Ct. 88, 54 L.Ed.2d 218, construed the word “located,” as used in 12 United States Code Section 94, to mean wherever branch offices are found. Therefore, a national bank can now be sued in the jurisdiction where it was originally established, as well as in any jurisdiction containing a branch office.
First National Bank of Nevada was established in Nevada. No branch offices are located in Montana. Therefore, Bank is not subject to Montana jurisdiction pursuant to 12 United States Code Section 94.
A national bank may waive the jurisdiction privilege provided by 12 United States Code Section 94. In Montana, a waiver is a voluntary relinquishment of a known right. Rase v. Castle Mountain Ranch, Inc. (1981), 631 P.2d 680, 687, 38 St.Rep. 992, 999-1000. To constitute a waiver, the bank’s conduct must be “manifestly consistent with and indicative of an intent to relinquish voluntarily a particular right. . .” Buffum v. Chase National Bank (7th Cir. 1951), 192 F.2d 58, 61. No conduct by First National Bank of Nevada relevant to this case meets that test.
Bank at no time conducted a business in Montana. No agent or Bank went to Montana to solicit business. Any contact with Montana by Bank was through the United States Postal Service or by phone. The personal representative of Hamelly went to Nevada and personally initiated contact with Bank. The Bank never enlisted the aid of any *226 Montana institution, law or process while dealing with Hamelly. There is absolutely no conduct by Bank to warrant a finding that Bank waived its 12 United States Code Section 94 jurisdictional privilege.
We held in Drum v. District Court (1976), 169 Mont. 494, 548 P.2d 1377, that the Chase Manhatten Bank of New York had failed to waive its jurisdictional privilege not to be sued in Montana. Chase personnel had solicited Drum’s business through letters to Montana and had come to Montana to finalize a loan to Drum. In that case, the New York bank’s Montana-based activities were substantially greater than those by Bank in the instant case. Yet, we held that no waiver had occurred.
To hold that Bank’s actions constituted a waiver of its jurisdictional privilege would be similar to granting Montana jurisdiction on the basis of the “minimal contacts” rule set for in International Shoe Co. v. Washington (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. To do so would abrogate the National Bank Act’s jurisdictional statute as well as its purpose — to prevent “the untoward interruption of a national bank’s business that might result from compelled production of bank records for distant litigation”. Citizens and Southern National Bank v. Bougas, 434 U.S. at 44, 98 S.Ct. at 93.
Hamelly contends that without Bank’s responses to their interrogatories, there is insufficient evidence on which to dismiss Hamelly’s complaint for lack of jurisdiction. We disagree. The affidavits submitted to the District Court by both parties, together with the testimony presented at the hearing, is sufficient evidence on which to base a ruling of lack of jurisdiction. The Bank is not located in Montana. The Bank has not waived its 12 United States Code Section 94 jurisdictional privilege. Therefore, Montana has no jurisdiction. There remains no material issue of fact. Therefore, Bank need not further respond to Hamelly’s interrogatories.
Finally, Hamelly contends that its constitutional rights of *227 due process and equal protection have been violated by the application of 12 United States Code Section 94 in this instance. The United States Supreme Court held in Citizens and Southern National Bank v. Langdeau, 434 U.S. at 41 that: “Unquestionably Congress had authority to prescribe the manner and circumstances under which [national] banks could sue or be sued in the courts.” As we stated in Drum v. District Court, 169 Mont. at 503, 548 P.2d 1377, “[w]hile we are not in sympathy with this legislation, we are compelled to follow it.” It is up to Congress, not us, to change this statute.
The order dismissing Hamelly’s complaint as it applied to First National Bank of Nevada is affirmed.
MR. CHIEF JUSTICE HASWELL and MR. JUSTICES HARRISON and DALY concur.